# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WOLF CREEK CONTRACTING
COMPANY, LLC,

    **Plaintiff,**

  v.

    Case No. 2:20-cv-6331
    **JUDGE EDMUND A. SARGUS, JR.**
    Magistrate Judge Kimberly A. Jolson

PCM CONTRACTING SERVICES LLC,

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Wolf Creek Contracting Company, LLC's Motion for Default Judgment Against Defendant PCM Contracting Services LLC. (ECF No. 8.) PCM has not opposed Plaintiff's motion. For the reasons below, the Court **GRANTS IN PART** Plaintiff's Motion for Default Judgment.

## I.

Plaintiff filed this case against Defendant PCM Contracting Services LLC on December 11, 2019. (Compl., ECF No. 1.) Plaintiff's Complaint asserts against Defendant claims for: (1) breach of credit agreement; (2) breach of subcontract; and (3) unjust enrichment. (Compl. ¶¶ 25–38.) Plaintiff has obtained an entry of default against Defendant. (ECF No. 7.) Plaintiff now requests that the Court grant default judgment against Defendant on all claims. (Mot. Default J., ECF No. 8.) Plaintiff seeks an award of $110,024.03 plus interest of 18% per year from the date of May 5, 2020 until paid in full, $93,512.24 plus statutory interest from the date of June 8, 2020 until paid in full, and the costs of this action and attorneys' fees incurred in connection with this action. (Compl. ¶ 38.)

1

Because of the default entry, the Court takes Plaintiff's allegations regarding Defendant's liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations below.

Defendant entered into a "Subcontract with Wolf Creek for $309,372, which related to the construction of the new Pre K-2 Elementary and Collins Middle School in Oak Hill, West Virginia ("Project")." (Compl. ¶ 8.) The Subcontract required Defendant to "pay in full all materialmen, employees, and lower tier subcontractors performing work on or supplying materials for any work being performed under the Subcontract" and failure to do so "constituted an event of default under the Subcontract." (*Id.* at ¶¶ 11–12.) The Subcontract gave Plaintiff the right to terminate Defendant's rights under the Subcontract and remedy "PCM's default and deficiencies and charge the cost of such remedy against PCM." (*Id.* at ¶ 13.)

Defendant failed to pay Central Supply Company of West Virginia ("Central Supply") or to supply adequate manpower for the Project. (*Id.* at ¶¶ 14–15.) Plaintiff remedied this breach by 1) performing work under the Subcontract totaling $196,198 and 2) paying Central Supply $45,025.26 which was the balance due to Defendant after all prior payments and Plaintiff's work. (*Id.* at ¶¶ 16-19.) Plaintiff later paid Central Supply "$93,512.24 in exchange for an assignment of Central Supply's unpaid invoices related to the Project and for all rights that Central Supply had against PCM with respect to the collection of its unpaid invoices including, but not limited to, the right to recover late charges, costs of collection, and legal fees as set forth in the Credit Agreement." (*Id.* at ¶23.) Plaintiff now asserts against Defendant claims for breach of the Subcontract, breach of the Credit Agreement, and unjust enrichment (*Id.* at ¶¶ 26–38.)

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC*, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

The Court finds that Plaintiff's Complaint establishes liability in this case. The parties had a Subcontract under which Defendant promised to pay all materialmen, provide adequate manpower for the Project, and to have the sum necessary to remedy their breach charged back to them. Defendant has not paid Plaintiff according to the Credit Agreement and did not reimburse

Plaintiff for the amount paid to Central Supply under the terms of the Subcontract. PCM therefore breached the Credit Agreement and Subcontract.

Plaintiff's well-pleaded allegations have established liability, but the company "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")).

Plaintiff's motion for default judgment requests $110,024.03 in compensatory damages—the same amount requested in the Complaint—plus attorneys' fees and expenses under the terms of the Credit Agreement. Plaintiff contends that the compensatory damages constitute a sum certain. (Mot. Default J. at 2.) However, Plaintiff did not submit any proof of compensatory damages. Plaintiff did attach the Subcontract, Notice of Payment Bond Claim, and Copy of the Assignment as exhibits to the Complaint, but did not submit those documents as evidence. Rule 10(c) specifies that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). In other words, the exhibits to a complaint become part of a complaint's allegations. While the Court accepts the Complaint's allegations as true for purposes of liability, "allegations regarding the amount of damages must be proven." *Parker-Billingsley*, 2015 WL 4539843 at *1. Thus, because the unauthenticated exhibits attached

to the Complaint are only allegations, Plaintiff cannot rely on those exhibits as proof of damages unless they are re-submitted to the Court as evidence.

Regarding attorneys' fees, Plaintiff claims that it is entitled to attorneys' fees under the terms of the Credit Agreement. (Mot. Default J. at 2.) Plaintiff submitted an affidavit from Counsel Danial Corcoran detailing Plaintiffs' attorneys' fees. (Ex. A, ECF No. 8-1.) However, Plaintiff did not submit a copy of the Credit Agreement to prove that Plaintiff is entitled to attorneys' fees under the terms of the agreement.

Accordingly, the Court will grant Plaintiff's a default judgment and direct Plaintiff to submit evidence of compensatory damages via authenticated documents or an affidavit. Plaintiff must also submit an authenticated copy of the Credit Agreement if Plaintiff wishes to recover attorneys' fees under the terms of that agreement.

### III.

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Motion for Default Judgment. (ECF No. 8.) Plaintiff is **DIRECTED** to submit evidence of damages within **FOURTEEN DAYS** of this Order. This case will remain open until after the Court makes a determination regarding damages.

**IT IS SO ORDERED.**


**5/24/2021**　　　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**